AO 91 (Rev. 02/09)  Criminal Complaint

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Latrice M. THOMAS | ) Case No. 22-MJ-312 |
| xxx-xx-0397 | ) |
| | ) |
| *Defendant* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of **09/16/2017** in the county of **Bernalillo** in the _____ District of **New Mexico**, the defendant violated **Title 18** U. S. C. § **922(a)(6); 924(a)(1)(A); and 2**, an offense described as follows:

On 09/16/2017 F. COLE, utilized money funds THOMAS provided him (aiding & abetting) to unlawfully purchase a pink and black SCCY, model CPX-2, 9mm caliber pistol, bearing s/n: 567760 in violation of Title 18 U.S.C Sections 922(a)(6), 924(a)(1)(A), and 2.

This criminal complaint is based on these facts:

See Attached

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Rachel D. Alonzo, ATF Special Agent
*Printed name and title*

Sworn telephonically and signed electronically.

Date: 03/01/2022

_____
*Judge's signature*

City and state: Albuquerque, New Mexico     John F. Robbenhaar, U.S. Magistrate Judge
*Printed name and title*

Criminal Complaint - Continued

United States of America
           V.
THOMAS, Latrice M.
SSN: 0397

---

1. Rachel D. Alonzo, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn, deposes and states:

2. I am a Special Agent with the Bureau of Alcohol, Tobacco and Firearms (ATF) I have been so employed since November 2016.  Currently I am assigned to the Albuquerque I Field Office, Phoenix Field Division.

3. As a Special Agent, I received over six (6) months training at the Federal Law Enforcement Training Center (FLETC) in Glynco, GA encompassing firearms laws, firearms nomenclature, and identification. In this capacity, your Affiant investigates violations of federal criminal statutes, to include violations of federal firearms laws.

4. Prior to this Special Agent training I was an Industry Operations Investigator and an Industry Operations Intelligence Specialist with ATF.  Your Affiant held the aforementioned positions for approximately 8 years under the ATF Kansas City Field Division and/or the ATF Dallas Field Division.  Your Affiant received approximately 11 weeks of combined specialized training at FLETC and ATF Headquarters.  Training encompassed Federal Firearms Regulations, laws, and intelligence-driven firearms investigations.  In the course of my official duties, I have inspected Federal Firearms Licensees (FFLs), identified thousands of firearms, and investigated various cases involving illegal use and possession of firearms and the violation of Federal Firearms Regulations.  I am both familiar with and involved with methods of firearms investigations, including, but not limited to, firearms identification, visual surveillance, and interviews.  I also have assisted in the preparation and execution of arrest warrants and search warrants, and have participated in investigations encompassing violations related to subjects who are found to be in possession of illegal and altered firearms.

5. I am an investigative, or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am an officer of the United States who is empowered by law to conduct investigations and make arrests for the offenses enumerated in Titles 18 and 26, United States Code.

6. Your Affiant requests that an Arrest Warrant/Criminal Complaint be issued for the above named defendant based on the following information, which your Affiant believes to be true and accurate.

7. The statements contained in this affidavit are based, in part, on information provided by Special Agents and/or Task Force Officers of the ATF and other law enforcement officers, and on my background and experience as a Special Agent of the ATF.

8. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

9. On or about May 2, 2018, your Affiant assisted ATF Special Agent (SA) Supnick with an interview of F. Cole at his residence, located at 308 Western Skies Drive SE, Apartment 2, in Albuquerque, New Mexico. SA Supnick questioned Cole about the pistols Cole purchased from a couple Federal Firearms Licensees (FFLs) in Albuquerque, NM. Cole advised SAs that the pistols he purchased were stolen in a home invasion and Cole further stated that he was not home at the time the firearms were stolen. Cole initially informed SAs that he reported the theft to police, but later stated that he actually had not filed a formal police report, but instead simply provided a police officer with a list of the firearms stolen. Cole was unable to provide SAs with either the date of the alleged home invasion or the date he provided the list of firearms to police.

10. Your Affiant later learned that over a month later, on or about July 12, 2018, Albuquerque Police Department (APD) Homicide Detective (Det.) Carter interviewed Cole for information surrounding a homicide investigation. Cole advised Det. Carter that he did not know the victim but admitted that he knew the victim had been at the neighboring apartment (308 Western Skies Drive SE, Apartment 1) all day with his mother's friend. Det. Carter later identified the friend and renter of the 308 Western Skies Apartment 1 as Latrice M. THOMAS (Black, Female, XXX-XX-0397, 07/1981).

11. Your Affiant further learned that on or about February 27, 2019, APD Det. Carter interviewed THOMAS after she was arrested in Santa Cruz, California. Det. Carter advised THOMAS of her Rights per *Miranda*, and THOMAS stated she understood her rights and agreed to speak with Det. Carter. During the interview, THOMAS admitted that in her past travels back and forth from New Mexico to California, she had been in possession of a pink and black 9mm handgun. THOMAS further advised Det. Carter that Cole purchased the pink and black handgun for her about two years ago. According to THOMAS, Cole purchased the pink and black 9mm handgun for her from a gun store in New Mexico for approximately $200. THOMAS further stated that she later sold the handgun in California after she left New Mexico.

12. In addition, your Affiant further learned that Det. Carter spoke with COLE again on or about March 18, 2019. Det. Carter advised Cole that he needed to clear up an issue and further advised Cole that he was not currently under arrest. Cole was further advised that he was free to leave at any time. Cole acknowledged the information and agreed to speak with Det. Carter. During the interview, Cole admitted he purchased a pink and black 9mm handgun at a gun store for THOMAS about two years ago. Cole further advised Det. Carter that THOMAS gave him approximately $500 to purchase the handgun for

her.  Cole further admitted that approximately a month after he bought the handgun for THOMAS he reported it missing/stolen.  Det. Carter later identified the gun store (FFL) and confirmed Cole had purchased two handguns there on September 16, 2017 (for a total cost after tax of $564.35).  Per the FFL's records, Cole purchased a Taurus, model PT111, 9mm caliber pistol with s/n: TKS51854 [$229.99] and a SCCY, model CPX-2, 9mm caliber pistol, s/n: 567760 [$294.99])

13. On February 28, 2022, your Affiant learned that on or about February 25, 2022, ATF SA Haanes interviewed the gun store/FFL holder and confirmed through the FFL's invoice record that the aforementioned SCCY, model CPX-2, 9mm caliber pistol Cole purchased on September 16, 2017, was pink and black in color.

14. Federal Law Title 18, United States Code, Sections 922(a)(6) and 924(a)(1)(A), provides that it is unlawful for any person to make a false statement on a Firearms Transaction Record, ATF Form 4473, when acquiring a firearm from an FFL.  For example, it is unlawful to knowingly provide a false or incorrect name, address, place of birth, or other information on ATF Form 4473.  It is also unlawful to misrepresent that you are the actual transferee-buyer of a firearm when you are acquiring the firearm for someone else.

15. Specifically, **Title 18 USC § 922 (a) (6)**—an individual knowingly makes a false oral/written statement (or furnishes or exhibits any false, fictitious or misrepresented identification) to a federally licensed firearms dealer; the false statement/misrepresented identification was made in connection with the acquisition/attempted acquisition of a firearm; and the statement was intended/likely to deceive such firearms dealer with respect to a fact material to the lawfulness of the sale of the firearm to the individual. Furthermore, **Title 18 USC § 924(a)(1)(A)**—an individual knowingly makes a false oral/written statement (or furnished or exhibited any false, fictitious, or misrepresented identification) to an FFL dealer.

16. In question 11(a) of the Firearms Transaction Record, ATF Form 4473, completed by Cole, he answered 'yes' to the following question:  *Are you the actual transferee/buyer of the firearm listed on this form?*  ***Warning:  You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person.  If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you."***  Cole's answer to this question was false in that he knew that he was transferring the firearm to THOMAS. Further, THOMAS aided and abetted the false statement by requesting that Cole purchase the weapon for her, and by providing him with funds to do so.

17. Based on your Affiant's training and experience, your Affiant opines that there is probable cause that THOMAS violated federal firearms laws, by aiding and abetting to the violation of 18 U.S.C. 922 (a)(6) and 18 U.S.C. 922 (a)(1)(A), in that when THOMAS gave Cole money to purchase the aforementioned pink and black SCCY pistol on THOMAS' behalf, that transaction recorded at the gun store (FFL) licensed in Bernalillo County, District of New Mexico, caused a false statement/misrepresentation to be entered into the Federal Firearms Licensees' records (i.e. ATF F 4473 and the FFL's Acquisition & Disposition [A&D] record.

Respectfully submitted,

_____
Rachel D. Alonzo
Special Agent
ATF


Sworn telephonically and subscribed electronically on March 1, 2022:

_____
UNITED STATES MAGISTRATE JUDGE