**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

vs.                                                          **CR. NO. 22-462 DHU**

**LATRICE THOMAS,**

**Defendant.**

## UNOPPOSED MOTION TO CONTINUE TRIAL
## AND MOTION TO EXTEND TIME TO FILE MOTIONS

The Defendant Latrice Thomas ("Ms. Thomas"), through his undersigned counsel, respectfully moves the Court to continue the trial currently set for May 2, 2022, for a minimum of ninety (90) days, and to grant a corresponding extension of time to file motions. As grounds for this motion, Ms. Thomas states as follows:

### BACKGROUND

Ms. Thomas was indicted on March 23, 2022. The two count Indictment in this cases charges Ms. Thomas with False and Fictious Statement to a Federally Licensed Firearm Dealer, in violation of 18 U.S.C. § 922(a)(6), and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), Doc. 16. Ms. Thomas was arraigned in this case on March 31, 2022, Doc. 17.

Undersigned counsel was appointed to represent Ms. Thomas on March 8, 2022, Doc. 9.

Undersigned counsel is familiar with Ms. Thomas from having previously represented her in state court in an unrelated case. However, as pertains to the above-captioned federal case,

undersigned counsel is still awaiting the receipt of discovery regarding the pending federal case.

A continuance is necessary for undersigned counsel to complete the following tasks:

     a. Receive and review discovery in this case and complete any necessary investigation.

     b. Initiate plea negotiations if warranted upon receipt and review of discovery.

     c. If a resolution between the partied is not reached in this case, then additional time will

be necessary to prepare to argue pending pretrial motions, motions in limine, and prepare for

trial.

     Ms. Thomas requests a continuance of the trial of no less than 90 days from the current

setting. Counsel believes that length of time to be the minimum that will be sufficient to

complete plea negotiations in this case.

## ARGUMENT

     Ms. Thomas' right to the effective assistance of counsel includes adequate time to

prepare for trial. Without that adequate time to prepare for trial, Ms. Thomas will be denied his

right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense:

> Disposition of a request for continuance . . . is made in the discretion of the trial
> judge, the exercise of which will ordinarily not be reviewed. But the denial of
> opportunity for appointed counsel to consult with the accused and to prepare his
> defense, could convert the appointment of counsel into a sham and nothing more
> than a formal compliance with the Constitution's requirement that an accused be
> given the assistance of counsel. The Constitution's guarantee of assistance of
> counsel cannot be satisfied by mere formal appointment.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308

U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

     Ms. Thomas agrees with this continuance and will not be prejudiced by this continuance.

Additional time will not prejudice Ms. Thomas and will permit her additional time to further

investigate this case, to prepare for pretrial motion hearings, and to prepare for trial. Additionally, a continuance will potentially allow her to reach a favorable resolution with the government. Counsel has discussed with Ms. Thomas her rights under the Speedy Trial Act and Ms. Thomas understands the need for a continuance and respectfully requests that the court continue his trial for the ninety days requested by counsel.

Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). A continuance of the deadlines and jury trial in this matter will provide Ms. Thomas time to continue his ongoing review of discovery, pursue any investigation, and assess the viability of any defenses. Additionally, a continuance will permit the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit Ms. Thomas by providing her access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

9.      Opposing counsel, SAUSA Jack Burkhead, does not oppose the relief requested.

WHEREFORE, Ms. Thomas respectfully moves this Court to vacate the trial setting of May 2, 2022 and continue said trial for a minimum of ninety (90) days, and grant a corresponding extension of time to file motions.

3

Respectfully Submitted:
ROMERO & WINDER, PC

By:   /s/ Joe M. Romero, Jr.
Joe M. Romero, Jr.
*Attorney for Defendant*
P.O. Box 22543
Albuquerque, NM 87125-5543
Phone: (505) 843-9776
joe@romeroandwinder.com

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing to all counsel of record via the Court's CM/ECF electronic document and delivery system.

"Electronically Filed"
*/s/ Joe M. Romero. Jr.*
Attorney for Defendant