IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                Plaintiff,

vs.                                                      CR. NO. 22-462 DHU

LATRICE THOMAS,

                Defendant.

### SECOND UNOPPOSED MOTION TO CONTINUE TRIAL AND MOTION TO EXTEND TIME TO FILE MOTIONS

The Defendant Latrice Thomas ("Ms. Thomas"), through his undersigned counsel, respectfully moves the Court to continue the trial currently set for August 1, 2022, for a minimum of ninety (90) days, and to grant a corresponding extension of time to file motions. As grounds for this motion, Ms. Thomas states as follows:

### BACKGROUND

Ms. Thomas was indicted on March 23, 2022. The two count Indictment in this cases charges Ms. Thomas with False and Fictious Statement to a Federally Licensed Firearm Dealer, in violation of 18 U.S.C. § 922(a)(6), and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), Doc. 16. Ms. Thomas was arraigned in this case on March 31, 2022, Doc. 17.

Undersigned counsel was appointed to represent Ms. Thomas on March 8, 2022, Doc. 9.

The Court has granted one prior continuance of trial, Doc. 25.

Since the granting of the prior trial continuance, Ms. Thomas had the opportunity to review discovery provided by the government. Since the granting of the prior trial continuance, Ms. Thomas has filed a Motion to Suppress Evidence and also filed a discovery motion seeking

additional discovery, to wit: a Giglio Motion for Information Contained in Police Officer's Personnel File, Doc. 34 and Doc. 36. Undersigned counsel is awaiting a setting to resolve both said pending motions.

Ms. Thomas requests a continuance of the trial of no less than 90 days from the current setting. Counsel believes that length of time to be the minimum that will be sufficient to litigate the pending motions and thereafter either engage in plea negotiations or prepare for trial.

### ARGUMENT

Ms. Thomas' right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Ms. Thomas will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense:

> Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

Ms. Thomas agrees with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Ms. Thomas and will permit her additional time to further investigate this case, litigate pending pretrial motions, and, if necessary, prepare for trial. Additionally, a continuance will potentially allow her to reach a favorable resolution with the government. Counsel has discussed with Ms. Thomas her rights under the Speedy Trial Act and Ms. Thomas understands the need for a continuance and respectfully requests that the court

continue his trial for the ninety days requested by counsel.

Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). A continuance of the deadlines and jury trial in this matter will provide Ms. Thomas time to continue his ongoing review of discovery, pursue any investigation, and litigate pending pretrial motions. Additionally, a continuance will permit the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit Ms. Thomas by providing her access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

9. Opposing counsel, SAUSA Jack Burkhead, does not oppose the relief requested.

WHEREFORE, Ms. Thomas respectfully moves this Court to vacate the trial setting of August 1, 2022 and continue said trial for a minimum of ninety (90) days, and grant a corresponding extension of time to file motions.

    Respectfully Submitted:
    ROMERO & WINDER, PC

By:   /s/ Joe M. Romero, Jr.
    Joe M. Romero, Jr.
    *Attorney for Defendant*
    P.O. Box 22543
    Albuquerque, NM 87125-5543
    Phone: (505) 843-9776
    joe@romeroandwinder.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing to all counsel of record via the Court's CM/ECF electronic document and delivery system.

"Electronically Filed"
*/s/ Joe M. Romero. Jr.*
Attorney for Defendant