IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                                              1:22-cr-00462-DHU

**LATRICE THOMAS,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S**
***GIGLIO* MOTION FOR INFORMATION CONTAINED**
**IN POLICE OFFICER'S PERSONNEL FILE**

THIS MATTER is before the Court on Defendant's Motion for Information Contained in Police Officer's Personnel File, filed June 29, 2022. (Doc. 36). Defendant requests the Court order an *in camera* inspection of Detective Carter's personnel file, and to disclose the appropriate information from said personnel file to Defendant. Having reviewed the Defendant's motion and the applicable law, the Court finds that the Motion is well-taken and is therefore **GRANTED**. The Government is directed to provide Detective Carter's personnel file to the Court for an *in camera* inspection of the materials.

## BACKGROUND

On March 23, 2022, a federal grand jury returned an indictment charging the Defendant with one count of aiding and abetting a straw purchase of a firearm, in violation of 18 U.S.C. §§ 922(a)(6), 924, and 2, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. (Doc. 16). During what started as a murder investigation, Detective

Carter interviewed the Defendant while she was incarcerated in California on an unrelated matter. The Defendant made statements during that interview which are now the subject of a pending motion to suppress. (Doc. 34). In anticipation of Detective Carter's testimony at the future suppression hearing, Defendant has motioned the Court to conduct an *in camera* inspection of Detective Carter's personnel file and to disclose any information from the file which calls into question the detective's credibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

The Government has represented to both the Defendant and the Court that they have fulfilled their obligations under *Brady* and *Giglio*. Specifically, that the Government has obtained Detective Carter's personnel file, reviewed it, and determined that it does not contain information covered by *Brady* or *Giglio*. Although the Government has seemingly fulfilled its obligations for disclosure, the Government neither affirmatively requests, nor objects to an *in camera* inspection of the requested materials. (Doc. 37).

## DISCUSSION

### I.  *Brady* and *Giglio*

"There is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey,* 429 U.S. 545, 559 (1977). "The one significant exception to this rule is exculpatory evidence." *United States v. Kendall*, 766 F.2d 1426, 1440 (10th Cir. 1985). Under *Brady v. Maryland,* 373 U.S. 83, 83 (1963), the Government has obligations deriving from the Fifth Amendment to disclose exculpatory material in its possession. The "touchstone of materiality is a 'reasonable probability' of a different result," which exists "when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" *Kyles v. Whitley,* 514 U.S. 419, 434 (quoting *United States v. Bagley,* 473 U.S. 667, 678 (1985)). To be "material," a defendant

does not need to show that the evidence, if disclosed, would have been "sufficiently strong to *ensure* an acquittal." *Workman*, 560 F.3d at 1173 (10th Cir. 2009) (emphasis in original). Rather, he must show only that "favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles*, 514 U.S. at 435. However, "*Brady* does not extend beyond such exculpatory evidence." *Kendall*, 766 F.2d at 1440 (stating that "*Brady* does not create any pretrial discovery privileges not contained in the Federal Rules of Criminal Procedure.").

Impeachment evidence falls under *Brady* when the reliability of a given witness may be determinative of a defendant's guilt or innocence. *See Giglio v. United States,* 405 U.S. 150, 154 (1972). "Because of the value of cross-examination, when the credibility of a prosecution witness is important, impeaching evidence is subject to Brady disclosure." *Nuckols v. Gibson*, 233 F.3d 1261, 1267 (10th Cir. 2000); *see Giglio*, 405 U.S. at 154 ("When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within this general rule.") (quotation marks omitted). *Brady* likewise obligates the prosecution to disclose "evidence affecting credibility." *Id.* Thus, "no distinction is recognized between evidence that exculpates a defendant and evidence that the defense might have used to impeach the [State's] witnesses by showing bias and interest." *Workman*, 560 F.3d 1156, 1172-73 (quoting *Bagley,* 473 U.S. at 676)).

Where, as here, a defendant is seeking an *in camera* inspection to determine whether files contain *Brady* or *Giglio* materials, the defendant must make a "plausible showing" that the inspection will reveal material evidence. *See United States v. Williams*, 576 F.3d 1149, 1163 (10th Cir. 2009).

II.     Detective Carter's Personnel File

For a Defendant to make a "plausible showing" that the inspection will reveal material evidence, the defendant must "articulate with some specificity what evidence [she] hopes to find in the requested materials, why [she] thinks the materials contain this evidence, and finally, why this evidence would be both favorable to [her] and material." *United States v. Prochilo,* 629 F.3d 264, 268-69 (1st Cir. 2011).

Here, the Defendant has specifically identified which materials are sought, and what she suspects the materials will reveal. Defendant claims that the contents of Detective Carter's personnel file will include information that is determinative of his credibility. In support of her position, Defendant has provided an Albuquerque Journal article that reveals past disciplinary action that occurred involving Detective Carter while he was with the Albuquerque Police Department. (Doc. 36-2). The incident itself alone may or may not have any bearing on the present case. However, its relevance and materiality to Defendant's case is something that the Court is willing to examine *in camera*.

Because the nature of the case, and because Detective Carter's credibility and general police work is at the forefront of the Defendant's Motion to Suppress, the Court will conduct an *in camera* review of Detective Carter's personnel file and disclose the proper information, if any, to Defendant. Information within the personnel file pertaining to reprimands or disciplinary actions while on or off duty may be highly relevant to Detective Carter's veracity and fall within disclosure requirements under *Brady* and *Giglio*. *See Flanagan v. Munger*, 890 F.2d 1557 (10th Cir. 1989) (finding that officer conduct that would undermine public confidence in a police department is information that "related simply to the officers' work as police officers.") (citation and internal quotations marks omitted).

While Defendant does not intend to cast doubt on the Government's honest attempt to comply with *Brady and Giglio*, the Court notes that evidence relating to witness credibility is often subjective. In a situation such as this, where the scope of disclosure is debated, the Court may remedy the debate through *in camera* review. Generally, when the disclosure of materials are debated, questions are to be made in favor of disclosure. *United States v. Agurs*, 427 U.S. 97, 108 (1976). From the evidence provided, the Court finds that Defendant has provided sufficient information to warrant an *in camera* inspection of detective Carter's personnel file.

**IT IS THEREFORE ORDERED** that Defendant's *Giglio* Motion for information Contained in Police Officer's Personnel File (Doc. 36) is **GRANTED** and requires the following procedure:

1. The Government shall file a sealed *ex parte* Notice of Lodging with the Court containing an electronic copy of Detective Carter's Personnel file.

2. The Court will inspect the materials and disclose the proper materials, if any to Defendant.

_____
HON. DAVID H. URIAS
UNITED STATES DISTRICT JUDGE